# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

LTC MANAGEMENT SERVICES, LLC, and )
HEALTH SYSTEMS, INC., )
          )
      Plaintiffs, )
          )
    vs. )        Case No.  4:25-00926-CV-DGK
          )
JONATHAN STEELE, )
STEELE LAW FIRM, LLC, )
STEELE LAW FIRM II, LLC, )
STEELE CHAFFEE, LLC, )
MICHELLE WHITE, )
STEPHANIE ALEXANDER, )
          )
      Defendants. )

## ORDER GRANTING MOTION TO REMAND

This case concerns Plaintiffs' allegations that Defendants maliciously prosecuted a nursing home negligence action against them by utilizing false affidavits and fabricated trial exhibits to keep them in the case. Defendants deny the allegations.

Plaintiffs filed suit in the Circuit Court of Jackson County, Missouri. Defendants Jonathan Steele, the Steele Law Firm, LLC, Steele Law Firm II, LLC, and Steele Chaffee, LLC (collectively "the Steele Defendants") removed to federal court by invoking the Court's diversity jurisdiction.

Now before the Court is Plaintiff's Motion to Remand and for an Award of Attorney's Fees and Costs. ECF No. 7. Because Defendant Michelle White is a non-diverse defendant, the Court does not possess diversity jurisdiction to hear this case, and the motion to remand is GRANTED. Further, because recent and controlling Eighth Circuit case law forecloses the Steele Defendants' theory of removal, the Steele Defendants lacked an objectively reasonable basis for removal. The Court awards Plaintiffs their fees and costs pursuant to 28 U.S.C. § 1447(c).

**Standard of Review**

The statute governing removal provides in relevant part that "[a]ny civil action brought in a State court . . . may be removed by the defendant or the defendants" if the federal court has original jurisdiction over it.  28 U.S.C. § 1441(a).  Where, as here, the defendants have removed the case to federal court by invoking the Court's original jurisdiction via "diversity" jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  Complete diversity between the parties is required; the presence of a single plaintiff from the same state as a single defendant precludes removal.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

A plaintiff may challenge removal through a motion to remand.  28 U.S.C. § 1447(c).  Once challenged, the defendant bears the burden of proving that removal is proper and all procedural prerequisites are satisfied.  *State Farm Fire and Cas. Co. v. Valspar Corp., Inc.*, 824 F. Supp. 2d 923, 932 (D.S.D. 2010).  All doubts about removal are resolved in favor of remand.  *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

**Discussion**

There is no dispute that the amount in controversy here is over $75,000, and that both Plaintiffs are citizens of Missouri.[1]  There is also no dispute that Defendant Michelle White ("White") is a Missouri citizen.

The Steele Defendants removed this case via "snap removal," that is, filing a notice of

---

[1]  Plaintiff LTC Management Services, LLC is a limited liability company whose members are citizens of Missouri. Plaintiff Health Systems, Inc. is incorporated in Missouri and has its principal place of business in Missouri.

2

removal in the state court before Plaintiffs served White,[2] thereby obviating the need to procure her consent to removal. White is also the diversity destroying forum-state defendant.

The sole basis for federal jurisdiction identified by the Steele Defendants in their notice of removal is "diversity jurisdiction." Notice of Removal at 3, ECF No. 1. They contend complete diversity exists because "White's citizenship is not considered for purposes of removal because she has not been served with process in this action." *Id*. at 5.

After removal, they filed an Amended Notice of Removal which reiterated that this theory was the sole basis of removal: "As a Missouri resident, Michelle White would ordinarily be a citizen of the same state as the Plaintiffs. However, as set forth below, Michelle White's citizenship is not considered for purposes of removal because she has not been served with process in this action." Am. Notice of Removal at 5, ECF No. 6 (docketed as "DEMAND for Trial by Jury").

The Eighth Circuit, however, has already rejected this argument. In 2023, it held that,

> service does not matter in evaluating the diversity of the parties. *See Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981); *see also* 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.52[1] (3d ed. 2023) (declaring that "whether defendants have been served is irrelevant; diversity for purposes of removal is based on the citizenship of all the parties named in the complaint"). The citizenship of "all named plaintiffs and all named defendants" count, *Lincoln Prop.*, 546 U.S. at 84, 126 S.Ct. 606, "regardless of service," *Pecherski*, 636 F.2d at 1161.

*M & B Oil, Inc. v. Fed. Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023). It further explained,

---

[2] In fact, it appears Plaintiffs served Defendant White with the Petition two days before the Steele Defendants removed the case, another problem with removal here.

So what happens if the action is removed before the plaintiff "properly join[s] and serve[s]" the forum-state defendant? 28 U.S.C. § 1441(b)(2). Although we have yet to weigh in on the question, many courts have held that the forum-defendant rule does not apply. A defendant can remove the case to federal court, assuming there is "original jurisdiction," if the forum-state defendant has yet to be "properly ... served." *Id.*

Even if we assume these courts are right, snap removal cannot cure a lack of complete diversity. Remember that the forum-defendant rule only applies when the case is, in the words of the statute, "otherwise removable," meaning there is "original jurisdiction." 28 U.S.C. § 1441(a), (b)(2). It then *adds* a further limitation based on the citizenship of the defendant. It does not *subtract* the requirement that the parties be completely diverse.

Indeed, as we recently explained, the forum-defendant rule is not jurisdictional at all. Violating it does not destroy jurisdiction. Complying with it cannot create jurisdiction either. Snap removal or not, an absence of complete diversity makes a federal forum unavailable.

*Id.* at 1009-10 (emphasis in original) (citation to caselaw omitted). In short, because the citizenship of all named plaintiffs and all named defendants counts, regardless of the status of service upon them, the requirements for diversity jurisdiction were never met here, thus there was no original jurisdiction from which the removal statute could operate. Hence, the Court must remand this case.

In their suggestions in opposition to remand, the Steele Defendants argue for the first time that White was fraudulently joined and the Court should ignore her citizenship because the citizenship of a fraudulently joined party cannot be used to defeat diversity. Resp. at 2, ECF No. 16. The Court cannot consider this argument, however, because neither the Notice of Removal

4

nor the Amended Notice of Removal identified fraudulent joinder as a basis for removal. *See Robinson v. Allstate Vehicle & Prop. Ins. Co.*, No. 1:18CV00252 ACL, 2019 WL 952100, at *3 (E.D. Mo. Feb. 27, 2019) ("Defendants have not … sought leave to amend their notice of removal. Given that the time period to amend the notice of removal has expired, Defendant's fraudulent joinder allegation is untimely."). Hence, the Court must grant the motion to remand.

As for Plaintiff's request for attorneys' fees, the Supreme Court has instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The purpose of § 1447(c) is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party," not to discourage defendants from seeking removal in all but the most obvious cases. *Id.* at 140. In the present case, because there was binding Eighth Circuit caselaw directly on point foreclosing the Steele Defendants' argument, the Steele Defendants lacked an objectively reasonable basis for removing this case. The Court awards Plaintiffs their fees and costs pursuant to 28 U.S.C. § 1447(c). *Cf. Schoenfeld v. Keiber*, No. 07-4020-CV-C-NKL, 2007 WL 1112621, at *3 (W.D. Mo. 2007) (awarding the plaintiff attorneys' fees under § 1447(c) because there was binding Eighth Circuit authority rejecting defendant's argument for removal).

**Conclusion**

Plaintiffs' motion to remand and for an award of attorneys' fees under 28 U.S.C. § 1447(c), is GRANTED. The Clerk of the Court shall remand this case to the Circuit Court of Jackson County, Missouri.

Plaintiffs shall file their fee application within fourteen days. This application may be

made under seal.   The Steele Defendants shall have seven days to file a response, and this response may be filed under seal.   If the Steele Defendants dispute Plaintiffs' counsel's hourly rate, their attorneys shall file their own billing records detailing the amount they have charged in connection with litigating removal and remand in this case.   If the Steele Defendants file a response, Plaintiffs shall have seven days to file a reply.   The Court will then rule on the existing record.[3]

**IT IS SO ORDERED.**

Date:   April 23, 2026                              /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT

---

[3]   Of course, the parties are free to agree on an award of attorneys' fees.   If they do, they should file a joint notice informing the Court they have reached an agreement.