**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LTC MANAGEMENT SERVICES, LLC, and | ) | |
| HEALTH SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.  4:25-00926-CV-DGK |
| | ) | |
| JONATHAN STEELE, | ) | |
| STEELE LAW FIRM, LLC, | ) | |
| STEELE LAW FIRM II, LLC, | ) | |
| STEELE CHAFFEE, LLC, | ) | |
| MICHELLE WHITE, | ) | |
| STEPHANIE ALEXANDER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SETTING AMOUNT OF ATTORNEYS' FEES**

This case arises from Plaintiffs' allegations that Defendants maliciously prosecuted a nursing home negligence action against them by utilizing false affidavits and fabricating trial exhibits.   Defendants deny the allegations.

Plaintiffs filed suit in the Circuit Court of Jackson County, Missouri.   Defendants Jonathan Steele, the Steele Law Firm, LLC, Steele Law Firm II, LLC, and Steele Chaffee, LLC (collectively "the Steele Defendants") removed to federal court by invoking the Court's diversity jurisdiction. On April 23, 2026, the Court granted Plaintiffs' motion to remand and awarded Plaintiffs their fees and costs pursuant to 28 U.S.C. § 1447(c) after holding Defendants lacked an objectively reasonable basis for removal.

Now before the Court is Plaintiffs' Fee Application.   ECF No. 37.   Plaintiffs are requesting a fee award of $33,770.00.   Defendants object to this amount, arguing it is egregious for the work performed.   For the reasons discussed below, the application is GRANTED IN

PART.   The Court awards $11,550 in attorneys' fees and expenses.

## Standard

With respect to determining a reasonable award of attorneys' fees, the starting point is the lodestar calculation, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  In making this calculation, the Court also considers (1) the time and labor required; (2) the novelty and difficulty of the questions presented in the case; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 343 n.3.   There is a strong presumption that the lodestar calculation represents a reasonable fee award.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

## Discussion

As for the lodestar, Plaintiffs' counsel Douglas Carter argues the reasonable hourly rate for his work on the motion to remand is $800 an hour.[1]  He contends this rate is regularly paid by several fee-paying clients, courts have approved this rate in other fee-shifting cases he has had, the prevailing market rate for attorneys of his "experience and standing" is $800 an hour, affidavits from other attorneys attest this rate is reasonable, and billing rates reported by Missouri Lawyers Media document a range extending to over $1,100 an hour for legal work in Missouri.   Plaintiffs'

---

[1] They also seek $150 an hour for paralegal work.   The Steele Defendants do not object to the requested hourly rate for the paralegal's time.

counsel also argues the total amount of time spent on the motion and related fee application, 47.9 hours,[2] is reasonable.

The Steele Defendants argue the relevant factors weigh in favor of an hourly rate of no more than $300–400 per hour. They also intimate that the total time spent on the matter is high; they note Plaintiff's counsel is essentially claiming his office spent an entire week briefing a motion to remand.

Applying the above twelve factors to the present case, the Court rules as follows.

As for the first factor, the time and labor required, Plaintiffs' counsel wrote two briefs and a fee application, but there was no hearing or oral argument. This did not, or should not, require an inordinate amount of time or labor. As for the second and third factors, the novelty or difficulty of the questions presented and the skill required, this was not a complex matter. A competent second-year associate should have been able to handle this matter. Hence the Court finds a reasonable amount of time for Plaintiffs' counsel to spend on this matter was 35 hours.

As for the fourth and seventh factors, the Court finds there was no preclusion of other employment by Plaintiffs' counsel due to filing this motion, nor were there time limitations imposed by the client or the circumstances. The fact that his office was able to spend almost forty-eight hours on this matter indicates the office was not declining meritorious cases because of the attention required to litigate this one, or that the circumstances imposed time limitations on him or otherwise complicated this work.

The fifth factor, what a reasonable fee customarily charged would be, also weighs against the amount requested by Plaintiffs. Based on the Court's extensive experience reviewing attorney

---

[2] Plaintiffs report Mr. Carter spent forty hours (40.1 hours) on the motion to remand and fee application, and his paralegal spent seven hours on the same.

bills and fee applications, the Court finds a reasonable rate to litigate this matter would be between $250–350 per hour with the total bill expected to be around $10,000.

Turning to the sixth factor, this case appears to have been taken on a contingency fee basis. This factor weighs little in the analysis, however, because the fee award here does not cover an entire case, just a motion to remand. Further, there was little risk undertaken by Plaintiffs' counsel in filing the motion. The merits weighed heavily in Plaintiffs' favor from the beginning; there was binding Eighth Circuit caselaw precluding the Steele Defendants' theory of removal, which is why the Court is awarding Plaintiffs their reasonable attorneys' fees under 28 U.S.C. § 1447(c).

With respect to the eighth factor, the amount of money involved and the results obtained, the amount of money involved in the litigation appears fairly high, and the result here—remand to state court—was what Plaintiffs sought, although an expected one since controlling Eighth Circuit caselaw dictated the outcome.

The ninth factor, the experience, reputation, and ability of the attorneys, is the most contested one. At the outset, the Court notes it is weighing this factor in the context of the motion at hand, a motion to remand where existing controlling caselaw dictated the result. The motion required competency, nothing more. Assuming for the sake of argument Plaintiffs' counsel is, as he suggests, a gifted and experienced trial attorney, the motion at issue did not require exercising these talents, and the Court declines to approve a premium hourly rate for routine work which could reasonably be expected to be performed at a much lower rate.

The Court is unmoved by Plaintiffs' counsel's arguments in favor of an $800 hourly rate. Although his affidavit asserts this rate is regularly paid by his hourly-paying clients, the Court gives this affidavit little weight because it is fatally short on crucial details. The affidavit does not specify how many clients pay this rate, what kind of clients they are (out-of-state market

Fortune 500 companies who do not blink at paying such rates?), for what kinds of services these clients pay $800 an hour (expert testimony? trial work in complex, bet-the-company litigation?), and whether there are other caveats or restrictions on the amount charged, such as an overall cap on the bill, which would render the $800 an hour rate illusory.

Plaintiffs' counsel's observation that other judges have approved an $800 an hour rate for his work is also unconvincing.   The fee award in this case is limited to a straightforward motion to remand which Plaintiffs' counsel likely would have made regardless of whether there was a statutory attorneys' fees provision available or not.   On the other hand, the fee awards in the cases cited by Plaintiffs' counsel are for entire cases undertaken on a contingency fee basis and settled or tried to a large jury verdict.   These cases involved different, more complex legal issues, the litigation was protracted, and the litigation involved a significant risk of non-recovery. Consequently, these cases are not sufficiently analogous to provide a useful guide for an hourly rate applicable here.

The affidavits submitted by other attorneys in support of Plaintiffs' counsel's request are even less persuasive.   Most of the affiants appear to have had co-counsel relationships with Plaintiffs' counsel and/or perform plaintiff's-side contingency fee work almost exclusively and who no doubt would like a court to approve an $800 an hour rate in their cases.   So, it is hardly surprising that they would opine a rate of $800 an hour is reasonable in this case.

The Court is also unmoved by Plaintiffs' counsel's citation to market survey data published in Missouri Lawyers Media.   This survey—a combination of self-reported rates and a small number of decisions about court-approved attorneys' fees in reported cases—is not the product of reliable methodologies.   While Missouri Layers Media doubtlessly strove to make its article as accurate as possible, it suffers from its inherent limitations.

Finally, the Court is not swayed by Plaintiffs' counsel's suggestion that the Court should ignore the rate Defense counsel is charging here—$260 an hour—as an insurance-defense rate "outlier" that is not a reliable market benchmark. While this rate may be on the low end of the market (and a rate Defense counsel can offer to such clients because they will guarantee a certain amount of work), this rate is still part of the market. And in the Court's experience, $260 an hour is much closer to the market average than $800 an hour.

The tenth and eleventh factors, the "undesirability" of the case and the nature and length of the professional relationship with the client, are not particularly applicable here since the Court is making a fee award with respect to the motion to remand only. Hence, these factors do not impact the analysis.

Finally, with respect to the twelfth factor—awards in similar cases—Plaintiffs' counsel notes that courts in other cases have found between 60 and 233 hours to be a reasonable amount of time to spend on a motion to remand. While this is true, this observation is of limited value here because there is no indication the motion to remand in any of those cases was analogous to the one in this case. That is, Plaintiffs' counsel has not shown they are similar cases.

After reviewing the law and the record in this case, the Court finds the amount of time counsel spent on this case is slightly excessive and the requested hourly rate is very excessive. For the work performed in this case and in this legal market, the Court finds the lodestar here should be $300 an hour for the attorney work multiplied by thirty-five hours of attorney time, for a total of $10,500 in attorneys' fees. The requested amount for paralegal work, seven hours of work at $150 an hour, is reasonable. Thus, the Court awards Plaintiffs a total of $11,550 in reasonable attorneys' fees and expenses.

6

**Conclusion**

Plaintiff's fee application is GRANTED IN PART.  After reviewing the record and the law, and informed by the Court's familiarity with the rates charged in this legal market and extensive experience in fee awards generally, the Court finds a reasonable award of attorneys' fees and expenses in connection with Plaintiffs' motion to remand is $11,550.   The Steele Defendants shall pay this amount within twenty-one days of the date of this order.

**IT IS SO ORDERED.**

Date:   June 4, 2026   /s/ Greg Kays   
GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT